### L. C. CARLETON v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 2, 1904.

Nos. 14,101—(111).

**Evidence.**

> In this, a personal injury case, it is *held* that there was no evidence of a substantial character to support a verdict for the plaintiff, and that the trial court correctly granted defendant's motion for judgment

Action in the district court for Ramsey county to recover $25,000 for personal injuries. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiff for $5,150. From an order granting a motion for judgment in favor of defendant notwithstanding the verdict, plaintiff appealed. Affirmed.

1 Reported in 101 N. W. 501.

*Humphrey Barton,* for appellant.

*M. L. Countryman,* for respondent.

START, C. J.

The complaint herein alleged that the plaintiff on November 2, 1903, was in the employ of the defendant as a brakeman on one of its freight trains; that while in the discharge of his duties he was thrown from the ladder on the side of one of the defendant's box cars by reason of its negligence in failing to keep the ladder in a safe condition in that the lower step or stirrup thereof had never been placed on the car, or had been taken or broken off, or had been so bent under the car that it no longer served the purposes of a step; and, further, that by reason of the defect in the ladder he was thrown to the ground and the wheels of the car ran over his left leg, and so crushed it that it was amputated.

The answer admitted that the plaintiff was in the defendant's employ as alleged, and denied the other allegations of the complaint. The jury returned a verdict for the plaintiff for $5,150. The defendant made a motion for judgment in its favor notwithstanding the verdict, or for a new trial. The trial court made its order granting the motion for judgment from which the plaintiff appealed.

The evidence was undisputed that the plaintiff fell from the second car from the rear end of the section of the train, which was at the time attached to the engine, and lost his leg as a result of his fall. The sole question for our decision is whether there was any substantial evidence in the case which would sustain a finding by the jury that the plaintiff's fall was caused by a defect in the ladder on the car, as alleged in the complaint. There was no direct evidence of any defect in the ladder. Neither the plaintiff nor any other witness testified that he at any time saw or observed the alleged defect. The plaintiff testified that he went from the rear car, which was of eighty thousand pounds capacity, over to the next one, which was of sixty thousand pounds capacity, and a little smaller and set about four inches lower than the rear one. His testimony as to the alleged defect in the ladder and how the accident occurred was as follows:

> Q. Now, just tell the court and jury your movements, and how you undertook to come down that car that morning. A. I

walked over to the edge of the car, and went down slanting, took hold of the top handhold, reached down, and started to go down the car, facing kind of towards the engineer, looking ahead, watching the switch to see how far I was from the switch. I came down that way one step after the other, until I came to the bottom step. When I got to the bottom step I didn't find any, didn't touch any; went from there down onto the rail, and my foot was cut off. Q. Where did you put your foot to find the bottom step? A. Put it where the stirrup ought to be. Q. And did your foot strike any stirrup? A. No, sir; it didn't. * * * Q. And what happened to you when your foot didn't strike the stirrup? A. I lost my hold altogether; went down onto the rail. * * * Q. What was the appearance of this car that you was coming down when you got hurt with refer- ence to its being an old or new car? A. The car that I came down? Q. Yes. A. It was an old car, because there was a board on the top—the running board—that was split out and gone. * * * Q. Did it have the appearance of a fresh break or not? A. An old break.

It is to be noted that the plaintiff does not testify that he saw or knew that the lower step of the ladder was not in fact in place. His testimony is to the effect that while going down the ladder, facing towards the engineer, and looking ahead, watching to see how far he was from the switch, he put his foot where the bottom step or stirrup ought to be, and his foot did not touch or find any step. Now, unless the mere fact that his foot did not find or rest upon the bottom step while he was thus descending from the car with his mind occupied, and his eyes not on the ladder, but on the switch, is sufficient to sustain a finding that there was no step there, or, if there, it was bent under the car, then there is no evidence to support the verdict in this case. Is it not quite as reasonable to infer from this evidence that the plaintiff's foot missed the step as to infer that the step was missing from the car?

There is no other evidence in the record to establish the alleged negligence of the defendant. On the contrary, the undisputed evi- dence on the part of the defendant is practically conclusive that there

was no defect in the car from which the plaintiff fell. The engineer testified that he saw the plaintiff fall from the second car from the rear of the string of cars then attached to the engine, and that the number of the car was 35,610. He described the car as of the capacity of eighty thousand pounds, and apparently new. While there is a discrepancy between the plaintiff's description of the car and that of the engineer and other members of the train crew, yet all who testified on the question agree that the plaintiff fell from the second car from the rear. This car was also identified by the conductor and fireman as No. 35,610. The jury, however, specifically found that the plaintiff did not fall from car No. 35,610. It is not apparent from the record upon what evidence such finding could have been based. The evidence is plenary that the ladder on car No. 35,610 was not at the time of the accident in a defective or unsafe condition. Now, if it be conceded that the discrepancy in the description of the car from which the plaintiff fell is some evidence tending to show that he did not fall from car No. 35,610, still, upon the whole evidence, it must be held that there is no evidence of a substantial character to sustain a verdict for the plaintiff.

The burden was upon the plaintiff to establish by substantial evidence the alleged fact that the car from which he fell was in fact in a defective and unsafe condition, whereby he was injured. Whether the car was in this condition is left by the whole evidence, taking the most favorable view of it for the plaintiff, a mere matter of conjecture or guess, and for this reason judgment for the defendant was properly directed by the trial court.

Order affirmed.